Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DAWN WEDEL,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2-15-bk-07499 DPC<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>(3/14/16) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The proofs of claim filed by Wells Fargo Bank, N.A. and U.S. Bank National Association differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Debtor must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim (if the debt is believed to be unsecured); (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; or (c) notify the Trustee **in writing** that the order confirming the Plan will provide for payment pursuant to the proof of claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor, then the time to submit a

proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(2) The Trustee will pay Lane & Nach, P.C., counsel for Lothar Goernitz (previous Chapter 7 Trustee) $4,297.19 as a Chapter 13 administrative expense per the Court's Order dated October 16, 2015.

(3) The Trustee renews his request for the Debtor to complete and return the enclosed Self Employment Questionnaire.

(4) A self-employed Debtor is required to file monthly Business Operating Statements with the Court. Statements for September, October 2015 and January 2016 must be filed with the Court not later than 3/14/16. The Debtor is reminded that this is a monthly filing requirement and each BOS must be filed by the 15th day of each following month.

(5) The Debtor must provide copies of all bank statements for the months of September 2015 through January 2016 as verification for the Amended Schedules I and J filed 9/14/15. The disposable income is at issue.

(6) The Trustee believes that nonexempt equity exists in the Debtor's real property located at 14154 E. Desert Cove Ave., Scottsdale, Arizona 85259. According to Eppraisal.com the property is currently valued at $742,888.00. The proof of claim filed by U.S. Bank National Association lists a balance of $522,015.46 under the Note. After the deduction of $150,000.00 for the homestead exemption it appears that there is $70,872.54 in nonexempt equity. This amount must be accounted for in the Best Interest of Creditors Test.

(7) The Debtor schedules a 40% interest in Healthwise and values the business at $0.00. The Debtor must provide a profit and loss statement as of 9/15/15 and a list of all equipment or assets.

In addition, the Trustee requires an explanation as to how the value was determined as the Debtor's ex-husband and shareholder offered $10,000.00 to buy her interest from the Chapter 7 Trustee. The Best Interest of Creditors Test is at issue.

(8) The Order confirming must correct the plan payment start date to October 15, 2015.

(9) <u>Plan payment status:</u> The Debtor's interim payments of $377.00 each are current through due date 1/15/16. Subsequent payments are due on the 15th day of each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to <u>www.ndc.org</u>. Then, click the box that says Get Started. It's Free! And follow the instructions.

(10) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2015 - 2018 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by 3/14/16 Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

- 4 -

1  Copy mailed or emailed to:

2  DAWN WEDEL
3  14154 EAST DESERT COVE
   SCOTTSDALE, AZ 85259
4  Debtor

5  MATTHEW SCOTT FANKHAUSER
6  20819 N. CAVE CREEK RD., STE 101
   PHOENIX, AZ 85024
7  Attorney for Debtor

_____
*jmorales@ch13bk.com*